# In the Matter of TWO MINOR CHILDREN

High Court of American Samoa
Trial Division

JUV No. 21-89
JUV NO. 49-89

September 1, 1989

Before REES, Associate Justice, TAUANU'U, Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Petitioners, Togiola T.A. Tulafono and Roger Hazell

Both of these petitions for relinquishment of parental rights have been brought in contemplation of legal adoption by grandparents or other family members. In each case the prospective adopting parents are considerably older than the natural parents, and in each case the child has been living with the prospective adopting parents since birth.

The Court is permitted to grant a petitions for relinquishment of parental rights only when it finds that relinquishment would be in the best interest of the child. *See* A.S.C.A. § 45.0102(a)(1). In neither of these cases can we make such a finding.

The prospective adopting father in JUV No. 21-89 is almost seventy years old. He suffered a stroke a·year ago and is still too sick to come to Court for the relinquishment hearing. The natural parents are young and healthy. Although the child has been adopted by his father's older relatives according to Samoan custom, and although he may go on living with them for as long as this arrangement is suitable to all concerned, it is quite possible that at some time during his minority he may need the care and/or support of his natural parents. It would not be in his best interest to terminate their obligation to provide such support.

In JUV No. 49-89 the child's natural parents and his grandparents live adjacent to one another. They sleep in different houses but otherwise live together as a Samoan family. The child is said to sleep in the grandparents' house and to be under their primary authority. This arrangement has subsisted for nine years without the necessity of a legal adoption. The only effect of such an adoption, aside from any possible increase in the retirement or Social Security benefits of the grandfather, would be to deprive the child of the legal duty of support owed by his 38-year-old employed natural father and to substitute a similar duty on the part of a 62-year-old retired grandfather. This is not to say that the grandparents may not continue to love and care for the child. But a change in legal relationships would not be in the child's best interest.

The petitions are therefore denied.